UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19cr4475-JLS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| ANDREW LEE MURRAY (2), | |
| Defendant. | |

WHEREAS, in the Information filed in this case, the United States sought forfeiture of all firearms and ammunition involved in the commission of the offenses charged in Counts 1 through 6 of the Information, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to the terms of the Plea Agreement between the parties, ANDREW LEE MURRAY (2) ("Defendant") consented to the forfeiture of all properties seized in connection with this case, including but not limited to, all firearms and ammunition involved in the offense set forth in Count 2 of the Information, pursuant to 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461(c), which were involved in the violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II), as charged in Count 2 of the Information; and

WHEREAS, on or about June 23, 2020, the Defendant pled guilty to Count 2 of the Information before Magistrate Judge William V. Gallo, which plea included consent to forfeiture of all properties seized in connection with this case, including all firearms and

ammunition involved in the commission of the offense, including forfeiture of approximately 1 round of Remington .44 caliber ammunition; approximately 228 rounds of Remington .22 caliber ammunition; approximately 1 round of .223 caliber ammunition; approximately 46 shotgun shells; approximately 2 rounds of used Remington .44 caliber ammunition; and approximately 1 round of .22 caliber ammunition; and

WHEREAS, on July 21, 2020, this Court accepted Defendant's guilty plea to the Information; and

WHEREAS, by virtue of the facts set forth in the Plea Agreement, the United States has established the requisite nexus between the approximately 1 round of Remington .44 caliber ammunition; approximately 228 rounds of Remington .22 caliber ammunition; approximately 1 round of .223 caliber ammunition; approximately 46 shotgun shells; approximately 2 rounds of used Remington .44 caliber ammunition; and approximately 1 round of .22 caliber ammunition, and the offense of conviction; and

WHEREAS, by virtue of Defendant's factual admissions and guilty plea to the Information, the approximately 1 round of Remington .44 caliber ammunition; approximately 228 rounds of Remington .22 caliber ammunition; approximately 1 round of .223 caliber ammunition; approximately 46 shotgun shells; approximately 2 rounds of used Remington .44 caliber ammunition; and approximately 1 round of .22 caliber ammunition, are hereby ordered forfeited to the United States, and it is now entitled to possession of said properties, pursuant to 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which are hereby found forfeitable by the Court, namely: approximately 1 round of Remington .44 caliber ammunition; approximately 228 rounds of Remington .22 caliber ammunition; approximately 1 round of .223 caliber ammunition; approximately 46 shotgun shells; approximately 2 rounds of used Remington .44 caliber ammunition; and approximately 1 round of .22 caliber ammunition; and

//

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the factual admissions of the Defendant and his guilty plea to Count 2 of the Information, the United States is hereby authorized to take custody and control of the following properties, and the Defendant has hereby forfeited to the United States all of his right, title, and interest to said properties pursuant to 8 U.S.C. § 1324(b) and 28 U.S.C. § 2461(c), for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n): approximately 1 round of Remington .44 caliber ammunition; approximately 228 rounds of Remington .22 caliber ammunition; approximately 1 round of .223 caliber ammunition; approximately 46 shotgun shells; approximately 2 rounds of used Remington .44 caliber ammunition; and approximately 1 round of .22 caliber ammunition.

2. The approximately 2 rounds of used Remington .44 caliber ammunition; approximately 1 round of .22 caliber ammunition; and approximately 1 round of .223 caliber ammunition are to be held by Homeland Security Investigations ("HSI") in its secure custody and control.

3. The approximately 1 round of Remington .44 caliber ammunition; approximately 228 rounds of Remington .22 caliber ammunition; and approximately 46 shotgun shells are to be held by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in its secure custody and control.

4. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

5. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the forfeited properties.

8. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4), this Order of Criminal Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.
Dated: October 8, 2020

Hon. Janis L. Sammartino
United States District Judge